IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARQUES LARANCE CHALMERS,** | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:04-CV-0317-H |
| | § | |
| **DOUGLAS DRETKE, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. These are the findings, conclusions, and recommendation of the Magistrate Judge.

**Parties**

Marques Larance Chalmers ("Petitioner" or "Chalmers") is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Respondent is Douglas Dretke, Director of TDCJ-CID.

**Statement of the Case**

A jury found Petitioner guilty of capital murder. *State v. Chalmers*, No. F-0071172-ST (283rd Dist. Ct., Dallas County, Tex. April 11, 2001). The court entered a deadly-weapon finding, and punishment was assessed at life in prison. *Id*. The conviction was affirmed on appeal. *Chalmers v. State*, No. 05-01-00687-CR, 2002 WL 1634358 (Tex. App.– Dallas July 24, 2002) (unpublished). Petitioner did not seek discretionary review. Petitioner's state application for writ of habeas corpus was denied without written order on findings of the trial court. *Ex parte Chalmers*, Application No. 58,132-01, at cover (Tex. Crim. App. March 17, 2004). On April 16, 2004,

Petitioner filed a petition pursuant to 28 U.S.C. § 2254.  On July 12, 2004, Respondent filed an answer, and Petitioner replied on August 6, 2004.

## Exhaustion of State Court Remedies

Petitioner has exhausted his state court remedies.

## Statement of Facts

The facts of the offense are taken from the opinion of the court of appeals:

> Sedis Summers, the victim, was working at a beauty shop in Dallas on April 17, 2000.  (Although the record refers to the victim as both Ceddes and Sedis, we will refer to him as Sedis in this opinion.)  Marques Chalmers, the appellant, Anthony Terrell, and Ivan Woodward [sic] drove to the shop to collect $50 Sedis owed Terrell.  Chalmers confronted Sedis about the money.  After borrowing money from several people around him, Sedis repaid Terrell the full amount.  Chalmers, Terrell, and Woodward left.  Chalmers returned alone about 30 minutes later.  Although the witnesses' accounts vary as to the reason for the confrontation, it is clear Chalmers pointed a gun at Sedis.  The two men struggled as Sedis tried to take away Chalmers's gun.  Chalmers was able to shoot Sedis in the leg.  The struggle continued until either Chalmers or Sedis broke loose.  Chalmers then shot Sedis three more times and ran away.  Sedis walked into the shop and asked Anthony Stewart, his co-worker, to call 9-1-1.  Sedis died on May 6 from complications resulting from his gunshot wounds.

*Chalmers v. State*, slip op. at 2 (parentheses in original).

## Issues

Petitioner raises the following issues:

1. Trial counsel was ineffective for failing to investigate his claim of self-defense or raise self-defense at trial;

2. Trial counsel was ineffective for failing to interview a State's witness who could have impeached the testimony of another State's witness; and

3. Trial counsel was ineffective for failing to call a witness named Woodard to testify at the trial.

## Standard of Review

A federal court may not grant a writ of habeas corpus on behalf of a person in custody under a state court judgment with respect to any claim that was adjudicated on the merits unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite from that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision is an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam).

A state court's determination of a factual issue shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence.  *Hill*, 210 F.3d at 485.  When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, this presumption is applicable.  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### Ineffective Assistance of Counsel

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel.  U.S. CONST. amend. VI.  A claim of ineffective assistance of counsel is measured under a two-pronged standard: deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668,

3

687 (1984). A petitioner must show that: (1) counsel's performance was deficient in that the errors counsel made were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 687, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one of the prongs. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions. Rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

## **Analysis**

Petitioner asserts that trial counsel provided constitutionally ineffective assistance. Petitioner's ineffective assistance of counsel claims were reviewed and denied during the state collateral review proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's denial of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

First, Petitioner claims that counsel failed to investigate his claim of self-defense or to raise self-defense at the trial. (Pet. at 7.) To prevail on this kind of ineffective assistance claim, a

4

petitioner must show that his attorney "failed to investigate or introduce [the] evidence; that this failure amounted to deficient performance by his attorney; and that he was prejudiced by this failure." *See Johnson v. Cockrell,* 306 F.3d 249, 251-52 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 687.)

      Self-defense is set out in Section 9.31 of the Texas Penal Code, which provides:

> A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use of unlawful force.

      Section 9.32 provides:

> A person is justified in using deadly force against another: (1) if he would be justified in using force against the other under Section 9.31; (2) if a reasonable person in the actor's situation would not have retreated; and (3) when and to the degree he reasonably believes the deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force; or to prevent the other's imminent commission of . . . murder, . . . robbery, or aggravated robbery.

In his state writ application, Petitioner claimed he told his trial counsel that he had shot the deceased in self defense because the deceased had a knife in his possession and the deceased charged Petitioner with the knife. *Ex parte Chalmers* at 47. Trial counsel submitted an affidavit in response to the state habeas petition. *Ex parte Chalmers* at 57-8. Counsel testified by affidavit that he spoke to Petitioner on several occasions before trial regarding the defense of the case and that Petitioner never gave counsel the name of a credible witness to support his story. *Id*. Counsel stated that, before trial, Petitioner never told him that he was cut by the victim. *Id*. Further, counsel explained that Petitioner possessed a handgun illegally and, under State law, an individual cannot possess a handgun illegally and then claim self-defense after shooting someone. *Id*. Counsel further

5

stated that Petitioner never told him that he shot the victim because the victim had a knife. *Id*. Additionally, Petitioner never gave an explanation of his choice to use deadly force rather than to flee the scene. (R.R. at V 42.) The trial court believed counsel's version of the facts and discredited Petitioner's unsworn declarations. *Ex parte Chalmers* at 63. The Texas Court of Criminal Appeals denied relief based upon the findings of the trial court. *Id*. at cover.

In its findings with respect to the state application for writ of habeas corpus, the trial court noted that Petitioner presented no evidence that a reasonable person in the actor's situation would not have retreated. *Ex parte Chalmers* at 48, citing *Alvarado v. State*, 821 S.W.2d 369, 273-74 (Tex. App.– Corpus Christi 1991, pet. ref'd). The jury heard the paramedic testify that the deceased possessed a knife when he reached the hospital. (R.R. at IV 71.) The state court noted that defense counsel attempted to raise self-defense at trial through Petitioner's testimony. *Id*. However, Petitioner did not testify that the deceased "charged him with the knife" or "cut him with the knife." At trial, Petitioner agreed that he had means of escape. (R.R. at V 42.) Petitioner admitted that all he had to do was run out. *Id*. No one was blocking the door. *Id*. The state court held that "acting as a reasonably competent criminal practitioner and in keeping with [Petitioner's] testimony at trial, trial counsel executed a more than plausible trial strategy that [Petitioner] 'never intended to kill and rob [decedent].'" *Ex parte Chalmers* at 49-50. Petitioner failed to show deficient performance or prejudice arising from counsel's failure to investigate and present a claim of self-defense. Petitioner's first claim of ineffective assistance of counsel should be denied.

Next, Petitioner claims that trial counsel was ineffective for failing to interview the paramedic, claiming he could have offered testimony attacking the credibility of the police officer. (Pet. at 7.) The officer testified that he did not see a knife, whereas the paramedic testified that the

6

decedent had a knife. (R.R. at IV 139 , V 48.) Petitioner did not present even a scintilla of evidence as to how counsel's failure to interview the state's witnesses prejudiced his defense. *See, e.g., Moawad v. Anderson,* 143 F.3d 942, 948 (5th Cir.1998) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.") (internal quotation marks and citations omitted); *Andrews v. Collins,* 21 F.3d 612, 624 (5th Cir.1994) (to satisfy the prejudice prong of *Strickland,* the defendant must "show evidence of sufficient quality and force to raise a reasonable probability that, had it been presented to the jury," a different outcome would have resulted). Petitioner failed to state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F. Supp. 2d 661, 691 (S.D. Tex. 2001). Petitioner's conclusory allegations fail to meet the burden of specificity. The state court found that trial counsel acted as a reasonably competent criminal practitioner when he cross-examined both the officer and the paramedic. Petitioner fails to establish either deficient performance or prejudice on this claim. Thus, Petitioner's second claim should be denied.

Finally, Petitioner indicates that his trial counsel was ineffective for failing to call as a witness the driver of the car who was with applicant before and after, but not during the murder. (Pet. at 7.) Petitioner alleges that there was an individual named Woodard who could have testified that Petitioner either "acted in self-defense or was not alone when the offense was committed." *Ex parte Chalmers* at 54. However, Petitioner did not provide any evidence of the testimony Woodard would have given or show that Woodward was available as a witness at the time of the trial. The

7

state court found that Petitioner failed to show how the unidentified evidence from Woodard would have been exculpatory or admissible. *Id*. Petitioner has failed to show that he actually received ineffective assistance either at the guilt-innocence or the sentencing phases of trial. This conclusory allegation regarding an uncalled witness is not supported by evidence; therefore, under the *Stickland* prejudice standard, Petitioner's third claim of ineffective assistance of counsel fails.

The trial court recommended that the Texas Court of Criminal Appeals find that counsel provided constitutionally effective assistance. *Ex parte Chalmers* at 55. Alternatively, it concluded that Petitioner had not carried his burden to show ineffective assistance. *Id*. The Texas Court of Criminal Appeals denied relief. *Ex parte Chalmers* at cover.

## **Summary**

Petitioner is lawfully restrained because he failed to prove that he was denied a constitutionally protected interest. The state courts' determinations that Petitioner is not entitled to habeas corpus relief are not contrary to or do not involve an unreasonable application of clearly established federal law and are not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## **Recommendation**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED October 24, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTION FOR SERVICE
AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United State District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE